IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TED LAWRENCE ROBERTSON, § | | |
| TDCJ #1175868, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-1028 |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**ORDER**

State inmate Ted Lawrence Robertson has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254. The respondent's answer is not yet due. Robertson has filed a motion requesting production of documents. Robertson has also submitted interrogatories and a request for admissions. The Court construes these submissions as motions for leave to conduct discovery pursuant to Rule 6 of the Rules Governing § 2254 Cases in the United States District Courts. For reasons set forth below, Robertson's discovery motions are denied.

Under the federal rules, discovery takes place only after the opposing party has filed a response. Further, discovery is limited in habeas corpus proceedings by Rule 6 of the Rules Governing § 2254 Cases in the United States District Courts, which permits discovery "only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir.), *cert. denied*, 531 U.S. 957 (2000); *see also Hill v. Johnson*,

210 F.3d 481, 487 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). "Good cause" may be found when a petition for a writ of habeas corpus "establishes a *prima facie* claim for relief." *Murphy*, 205 F.3d at 814. Before authorizing discovery, the Court must first conclude that the specific allegations in the petition "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Id.* In that regard, petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery." *Id.* "Simply put, Rule 6 does not authorize fishing expeditions." *Id.*; *see also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994), *cert. denied*, 513 U.S. 1192 (1995).

In this case, the petitioner simply includes in his discovery motions a list of requested documents, interrogatories, and admissions. He makes no effort to show that his requests are supported by good cause. Therefore, the Court concludes that petitioner has failed to make an adequate showing of good cause to permit discovery under Rule 6. Accordingly, the petitioner's discovery motions (Docket Entry Nos. 10, 11, 12) are **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **June 2, 2005**.

_____
Nancy F. Atlas
United States District Judge